## WASHINGTON FIDELITY NAT'L INSURANCE CO v HERBERT

Ohio Appeals, 1st Dist, Hamilton Co

No 4018. Decided March 7, 1932

Hightower & O'Brien, Cincinnati, for

plaintiff in error.

Nicholas Klein, Cincinnati, for defendant in error.

ROSS, PJ.

Several assignments of error are urged, none of which constitute error, prejudicial to the plaintiff in error.

One assignment of error, however, involving the refusal of the court to give a special charge requires comment. The special charge requested before argument is as follows:

"Ladies and gentlemen of the jury, I charge you that if you find the intersection of Seventh and Walnut Streets in the City of Hamilton, Ohio, was on March 27, 1930, a closely built-up or business portion of said City of Hamilton, Ohio, than I charge you that any rate of speed in excess of twenty miles per hour at that point was prima facie unlawful."

The court refused to give the charge requested by the plaintiff in error. The charge contained a correct statement of the law and was pertinent to an issue in the case. The denial of the right to have such a charge given before argument until recently has constituted such error as to require a reversal of the judgment and grant a new trial. In the general charge the court gave in effect the exact instruction requested:

"And it shall be prima facie unlawful for any person to exceed any of the foregoing speed limitations."

This court has previously held in the case of Harris v Christman, decided March 23, 1931, that it considered the case of **Bartson v Craig, 121 Oh St, 371,** to have modified the law formerly in effect and even recognized in the first syllabus of Bartson v Craig, and in the opinion at page 376. However, as indicated in the Christman case, the Supreme Court specifically referred to the general charge as modifying the error

of the special charge, when the jury was not misled.

The mandate of the Supreme Court, affirming the decision of this court in the Christman case was just recently received. The mandate recites:

"On consideration whereof, it is ordered and adjudged by this court, that the judgment of the said Court of Appeals be, and the same is hereby, affirmed; for the following reasons:

"(1) That there was no intervening cause of the injury to the decedent the concurring negligence of the drivers of the respective motor vehicles of plaintiffs in error being the one and only cause of decedent's death; and failure to use the words "proximate cause," in instructions to the jury before argument, as to the liability of the defendants, is not prejudicial, it appearing that such instructions could not have misled the jury as to the one and only cause of the accident."

The general charge in the instant case was full and complete and correctly stated the law. The jury must have clearly understood the issues. The only error would be the refusal upon the part of the court to give a correct, pertinent special charge, similar in effect to a portion of the general charge.

Under the decisions of the Supreme Court in the cases of Bartson v Clark and Harris v Christman, we hold that the court committed no error, prejudicial to the rights of the plaintiff in error, to whom was rendered substantial justice by the verdict of the jury.

The judgment is affirmed.

HAMILTON and CUSHING, JJ, concur.